UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ATLAS MELVIN PAYNE, JR.**                                          **PLAINTIFF**

**V.**                          **NO. 4:20CV00169-JTR**

**ANDREW SAUL,**
**Commissioner of Social Security Administration**[1]       **DEFENDANT**

## ORDER

### I. Introduction:

Plaintiff, Atlas Melvin Payne, Jr. ("Payne"), applied for supplemental security income benefits on March 22, 2017, alleging disability beginning on January 1, 2012. (Tr. at 17). On February 27, 2019, after conducting a hearing, the Administrative Law Judge ("ALJ") denied Payne's application for benefits. (Tr. at 26). The Appeals Council denied his request for review, making the ALJ's denial of Payne's application for benefits the final decision of the Commissioner. (Tr. at 1).

For the reasons stated below, the Court [2] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

The ALJ found that Payne had not engaged in substantial gainful activity since the application date of March 22, 2017.[3] (Tr. at 19). At Step Two, the ALJ found that Payne had the following severe impairments: chronic kidney disease, gout, hyperlipidemia, essential hypertension, and degenerative disc disease of the lumbar spine. *Id.*

After finding that Payne's impairments did not meet or equal a listed impairment (Tr. at 19), the ALJ determined that Payne had the residual functional capacity ("RFC") to perform work at the light exertional level, except he could only occasionally stoop and/or crouch. (Tr. at 20).

The ALJ found that Payne was unable to perform any past relevant work. (Tr. at 24). Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that, based on Payne's age, education, work experience and RFC, jobs existed in significant numbers in the national economy which he could perform, including work as a tune-up mechanic. (Tr. at 26). Thus, the ALJ concluded that Payne was not disabled. *Id.*

### III. Discussion:

    A.    Standard of Review

The Court's function on review is to determine whether the Commissioner's

---

[3] For supplemental security income claims, the relevant time-period begins on the application date. (Tr. at 17).

decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*,

784 F.3d. at 477.

    B.   Payne's Arguments on Appeal

Payne contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that: (1) the ALJ erred by discounting the opinion of Dr. Charles Howard, M.D. (Payne's PCP); and (2) the ALJ did not properly evaluate Payne's subjective complaints.

Payne, who was 54 years old at the time of the hearing, complained of back pain that radiated into his legs and interfered with daily activities. A lumbar MRI did show severe degenerative disc disease with stenosis and nerve root encroachment. (Tr. at 369). However, at numerous clinic visits, he was in no apparent distress, had normal gait and station, and normal range of motion in all muscle groups. (Tr. at 319-320, 324, 328, 363, 400-401). Dr. Howard noted "stable medical conditions" on March 11, 2016 and December 4, 2017. (Tr. at 349, 451-452). Most of Payne's visits to Dr. Howard were for medication refills and lab work. (Tr. at 340-341, 451). His doctors recommended conservative pain management for the time-being, including facet injections, which provided some relief. (Tr. at 23, 399). Payne declined to pursue physical therapy. (Tr. at 364). And he did not see a pain management specialist.

Payne said he was limited in his activities and had help at home from friends,

4

but he lived alone, he could do dishes, he could prepare microwave meals, he could take care of personal needs, and he could visit with others. (Tr. at 42-47, 243-248). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Dr. Howard filled out a two-page checkbox form that limited Payne to less than sedentary work and it said he would miss about four days of work per month. (Tr. at 355-356). The ALJ found these limitations to be extreme and gave the opinion little weight. (Tr. at 24). *See Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000)(the ALJ may discount a treating physician's opinion where he renders inconsistent opinions that undermine his credibility). Moreover, a conclusory checkbox form, like Dr. Howard's, has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012).

Dr. Howard's statement was inconsistent with his own notes. Clinical examinations were generally normal and treatment was conservative. Dr. Howard noted stable conditions. Payne improved with treatment. The Court finds the ALJ's evaluation of Dr. Howard's statement to be consistent with the benign medical record.

Payne argues that the ALJ did not properly analyze his subjective complaints.

When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*. The ALJ discussed objective findings, medical opinions, treatment, nature of pain, and daily activities. (Tr. at 19-23). He fulfilled his duty with respect to subjective complaints.

## IV.   Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated the medical opinions, and he properly considered and discussed Payne's subjective complaints.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is AFFIRMED, and judgment is entered for the Defendant.

DATED this 13th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE